GARDEN, JUDGE:
At about 10:30 P.M. on the evening of December 28, 1974, the claimant, Larry W. Lohan, was operating his 1973 Lemans Sport Coupe in a westerly direction on U.S. Route 60 just east of Charleston in the vicinity of the Daniel Boone Roadside Park. Route 60, in this area, was a four-lane highway, two lanes being reserved for westbound vehicles. The claimant testified that the weather was clear and that he was travelling at a speed of about 35 miles per hour when his left front wheel suddenly struck a hole in *40 the asphalt highway. Claimant further testified that this hole was near the dividing line between the two westbound lanes and was approximately three feet long, six inches wide and seven to nine inches deep.
The claimant was accompanied by his wife and two children, and they were returning to their home in Charleston after visiting his parents. He testified that he was very familiar with this area of the highway, and although he had been over this road about one week previously, he had not observed this hole. The impact damaged his left front wheel beyond repair, and he submitted competitive estimates of $38.37 and $54.48 for its replacement.
Nothing is more exasperating to an operator of a motor vehicle than to suddenly strike an unobserved hole in a highway, particularly when its presence is entirely unanticipated. Occurences such as described in the evidence, must repeat themselves thousands of times during the winter and spring months in the State of West Virginia. On the other hand, it must be realized that it is not humanly possible for the respondent to insure the motoring public of highways free from holes or other defects, when you consider the thousands of miles of roads in this State that they are charged with the duty of maintaining.
While the respondent is not an insurer of those using its highways, it does owe a duty of exercising reasonable care and diligence in the maintenance of the highways. We further believe that if the respondent knows or should have known of a defect in the highway that it must take the necessary steps within a reasonable period of time to repair the defect.
This accident took place at night, and the claimant had no prior knowledge of its existence. U.S. Route 60 just east of Charleston is one of the most heavily travelled highways in this State, and we believe deserves more attention from a maintenance standpoint than possibly some secondary roads in more remote areas. Obviously a hole three feet long, six inches wide and seven to nine inches deep did not develop over night and must have been in existence for some time prior to claimant’s accident.
Believing the respondent should have discovered this hole and made the necessary repairs, and further believing that the claimant was free from contributory negligence, we are of opinion to award claimant the amount of his low estimate of repairs.
Award of $38.37.