GARDEN, JUDGE:
At approximately 7:30 p.m. on April 22, 1978, the claimant was operating her 1977 Mustang automobile in a southerly direction on Route 119, on a section of that road commonly referred to as the Mileground. The road at the point of the accident is two-laned, of asphalt construction, and about one and one-half miles from the northern corporate limits of the City of Moundsville. The claimant, a resident of Morgantown, West Virginia, was returning home after having attended a wedding in Latrobe, Pennsylvania. She was travelling at 35 miles per hour in a 40-mile-per-hour zone. There were no cars proceeding her nor following her, but two cars were approaching *260 from the opposite direction as she suddenly struck a large pothole on the right-hand side of the southbound lane, causing damage in the amount of $176.73 to her automobile.
No testimony was introduced in respect.to the dimensions of the pothole, but two photographs, taken the day following the accident, were introduced into evidence from which it could easily be determined that the pothole was quite wide, extremely long, and very deep. Claimant immediately reported the incident to the Morgantown police, and their report, which was also introduced into evidence, reflected that the claimant had “hit a very deep pothole .... While changing tire, three other cars also lost tires in same manner within a half hour. This is an unavoidable hazard.” The police reported this road hazard to an agent of respondent that night, but the pothole was not repaired until some three weeks later.
The claimant testified that she was unaware of the existence of this particular pothole, and did not see it before striking it. This Court cannot conclude that the claimant was guilty of contributory negligence in failing to observe and avoid striking the pothole. Conceivably, her lookout was impaired by the two cars that were approaching her from the opposite direction. Certainly her speed, which was well within the posted limit, was not a factor.
While respondent is not an insurer of the safety of motorists using the highways of this State, it does have the affirmative duty of using reasonable care to keep the same in a reasonably safe condition. Also, while there was no direct evidence that respondent had actual knowledge of the existence of this defect, this Court is of the opinion that it certainly should have been on notice of this defect. Route 119 is one of the main arteries for motorists travelling to Morgantown from the north. Furthermore, the size of the pothole, as reflected in the photographs, graphically demonstrates its presence for a long period of time prior to the date of the accident. Being of the opinion that the record as a whole clearly establishes negligence on the part of the respondent, this Court hereby makes an award in favor of the claimant in the amount of $176.73.
Award of $176.73.