GARDEN, JUDGE:
At or about 11:00 p.m. on April 9, 1979, the claimant was operating her 1978 Oldsmobile in a northerly direction on the *214 Route 52 by-pass in Welch, West Virginia, when she suddenly struck a large pothole located near the right-hand side of the northbound lane. The weather conditions, according to the claimant, were poor, as it was raining and foggy. She testified that she did not see this pothole before striking it because it was filled with water, and she had no prior knowledge of its existence. As a result of this incident, the right front and rear tires were ruptured, a hubcap was lost, and the front end of the car had to be re-aligned. Total expenses for new tires and other repairs amounted to $178.87.
The following day, the claimant returned to the accident scene in an attempt to locate one of her hubcaps which had been lost, but she was unable to find it, although she did observe three other hubcaps in the area. After the incident, and while temporary repairs were being made to her car at the accident scene, another motorist struck the same pothole and ruptured one of his tires. Although the claimant did not testify as to the dimensions of the pothole, several photographs of it, taken two or three days after the accident, were introduced into evidence. From these photos, it would appear that the pothole was about three feet long, two feet wide, and six to eight inches deep. The testimony further established that this pothole had been in existence for at least three weeks prior to claimant’s accident, but no evidence was introduced establishing that respondent had actual knowledge of this pothole.
In the claim of Lohan v. Dept. of Highways, 11 Ct.Cl. 39 (1975), this Court held that while the respondent is not an insurer of motorists using its highways, it does have a duty of exercising reasonable care in the maintenance of those highways, and if it knew or should have known of a defect, it must take steps to repair the same within a reasonable period of time. The Route 52 by-pass in Welch is one of the most heavily traveled highways in the area, and the Court is of the opinion that respondent should have been aware of this defect. The failure to repair the defect for a period of three weeks constituted negligence, which was the proximate cause of the damage to claimant’s automobile. For this reason, an award in favor of the claimant in the amount of $178.87 is hereby made.
Award of $178.87.