WALLACE, JUDGE:
On or about February 4, 1979, at approximately 7:00 p.m., the claimant, Joe Snodgrass, was operating his 1976 LTD in a westerly direction on U.S. Route 60 five to seven miles west of Belle, West Virginia. Route 60, in this area, is a four-lane highway. According to the claimant’s testimony, the weather was -very cold and it was a dark night. Mr. Snodgrass stated that the accident occurred on the Campbell’s Creek Bridge. Having stopped at the stoplight on the east end of the bridge, he proceeded 60-70 yards from the light when his left front and left rear tires suddenly struck a hole which *247 blew out both tires and damaged the wheels. Mr. Snodgrass further testified that the hole was three feet long. There was another vehicle to his right preventing him from veering into the right-hand lane to avoid the hole.
The claimant was accompanied by his wife and her parents, and they were en route to a funeral home in South Charleston when the mishap occurred. Claimant stated that he had not driven this road and was unaware of the hole. Admitted into evidence were repair bills and estimates reflecting damages in the amount of $189.49.
The record in the instant case indicates that the hazardous condition was in existence for at least two weeks prior to the claimant’s accident.
While the respondent is not and cannot be an insurer of those using its highways, it does owe a duty of exercising reasonable care and diligence in the maintenance of those highways.
The Court finds the factual situation in this claim to be similar to that in the case of Lohan v. Department of Highways, 11 Ct.Cl. 39 (1975). In that case, the accident took place at night on U.S. Route 60, and this Court took notice that Route 60 is one of the most heavily travelled roads in West Virginia. The Court, in granting an award, observed that since a hole three feet long on a much-used highway could not have developed overnight, the respondent should have discovered the defect and effected repairs.
The evidence in this case impels the conclusion that the Department of Highways, in the exercise of ordinary care, should have known of the existence of the hole in the bridge before this accident happened. The claimant had no choice but to drive over the hole in the bridge, resulting in damage to the tires of his vehicle.
From the record in this case, and previous decisions of this Court, the Court finds the respondent negligent in failing to properly maintain Route 60, and further finds that the claimant was not guilty of any negligence; therefore, we hereby make an award to the claimant in the amount of $189.40.
Award of $189.40.