PER CURIAM:
On April 3, 1986, claimant Howard Reid was operating his 1979 Pontiac Sunbird on Cherry Hill Road, Ohio County, when the vehicle struck a pothole. Claimants seek $389.22 for the damage to the vehicle which resulted from this incident.
Claimant Pamela L. Reid testified that she was a passenger in the 1979 Pontiac Sunbird owned by her husband, Howard Reid, and herself. They were proceeding to Warwood from Short Creek. Her husband was operating their vehicle. This incident occurred at between 5:00 and 6:00 in the morning and there was daylight present at the time. She described the road as being a very steep hill. He was proceeding up a steep incline in a curve when the vehicle struck a large hole in the road. She stated that her husband was unable to avoid the hole due to an oncoming vehicle. The road had a large number of holes in it of which the claimants were aware. When the vehicle struck the hole, it came to a stop in the hole. It was necessary for the vehicle to be removed from the hole by a tow truck. The hole was estimated to be two feet wide and eight inches deep. The hole was located on the right side of the right lane and extended two feet into the travel portion of the roadway.
Prior to the accident, claimant Howard Reid travelled this route frequently. Claimant Pamela L. Reid stated that she thought that they had observed this hole in the past. The road had several holes. She testified that this particular hole had been previously patched by respondent, but she could not recall the date; the patching had been performed prior to April 3, 1986, the date of this incident. She also stated that neither she nor her husband had made complaints to respondent concerning the existence of this hole in the road.
*189 This Court has repeatedly held that respondent is neither an insurer nor a guarantor of the safety of travellers on its highways. However, the respondent does have a duty of using reasonable care in the maintenance of its highways. In the case of a heavily travelled major highway in this State, the Court has held respondent liable for failure to repair a hole of this size, as it could not have developed overnight. See: Lohan vs. Dept. of Highways, 11 Ct.Cl. 39 (1975); Baker vs. Dept. of Highways, 11 Ct.Cl. 48 (1975); Stone vs. Dept. of Highways, 12 Ct.Cl. 259 (1979); Bailey vs. Dept. of Highways, 13 Ct.Cl. 144 (1980); Snodgrass vs. Dept. of Highways, 13 Ct.Cl. 144 (1980); and Poole vs. Dept of Highways, 15 Ct.Cl. 65 (1983). The record established that the claimant was familiar with the road and its condition, and therefore was also negligent. For that reason, the Court reduces recovery by ten per cent and makes an award in the amount of $350.30.
Award of $350.30.