PER CURIAM:
Claimants, William E. Meadows, Jr. and David W. Meadows, father and son, seek $52.98 and $712.81, respectively, for property damage they severally incurred as the result of accidents which occurred about 9:40 a.m. on August 25, 1989, near Exit 96 of Interstate Highways 64 and 77, in Kanawha County, West Virginia. Claimants were traveling in the eastbound lane in separate vehicles; the lead car, a 1987 Ford Tempo, owned by David W. Meadows, was operated by his brother, William R. Meadows; the following car, a 1989 Lincoln Town Car, was owned and operated by William E. Meadows, Jr., who is the father of David w. Meadows and William R. Meadows.
The lead car, operated by William R. Meadows, was behind a tractor trailer in the outside lane reserved for eastbound traffic, when William R. Meadows noticed that the tractor trailer rig "was flipping up something through his tires on the back end of his truck ...," which to William R. Meadows looked like a piece of cardboard, at that instant, but which he a few seconds later found to be a piece of concrete (called by him a rock). He saw a hole in the road in the vicinity and testified that the rock was "kind of at angle from the hole." Because of traffic conditions, William R. Meadows was unable to swerve and avoid contact with the concrete, and *48 the vehicle operated by him, but owned by his brother, David w. Meadows, was damaged.
William E. Meadows, Jr., the father of William R. Meadows and David W. Meadows, was operating his 1989 Lincoln immediately behind the Tempo, and noticed a chunk of concrete described by him as being 12 inches by about 10 inches bouncing down the pavement in front of him; but because of traffic conditions he was unable to avoid the chunk of concrete, and his car was damaged. Neither car struck the hole from which the piece of concrete emanated.
Appropriate measures were promptly taken by the claimants to remove the two cars from the traffic lane, and to report the road defect to authorities, but other cars were damaged almost immediately by the chunk of concrete in the travel portion of the highway, almost immediately after the accidents sustained by the Meadows. There was no evidence of any report having been lodged with respondent's representatives, or with traffic representatives of the State, prior to the time of the accidents of which the Meadows' vehicles were damaged.
Claimant William E. Meadows, Jr. testified that "we assumed it was the truck just in front of my son that the wheels caused it to kick out. I did not see the first sign of reinforcement in the concrete. I did not look at the hole because there was two lanes of traffic doing anywhere from 55 to 80 or 90 miles an hour and I wasn't about to get out onto the highway." William R. Meadows was asked: "Did it appear to you that the truck ahead of you threw this piece of stone out of the hole, or was it already there and the truck just hit it?", to which he replied: "No. From what I could see it looked like when it ran over where the stone was at it popped out. It popped upside down and came out on the road."
Herbert C. Boggs, Maintenance Assistant, Interstate, employed by respondent, testified that he was, at all relevant times, in charge of the interstate system in Kanawha County, West Virginia, and received a report of the pavement problem at Exit 96 on August 25, 1989, he believed in the morning, and dispatched crews to fix the holes temporarily, with asphalt. He also testified that it was hard to say what would cause the hole, and speculated that it might have been a previously repaired hole or that the base might have gone bad to cause the concrete to crack and come out. He also advised that the respondent had patched holes in that area before.
There was no evidence in the record to support a finding that respondent had notice, actual or constructive, of the concrete pavement defect, prior to the accident causing damage to claimant's vehicle.
In this State, the respondent is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 130 W.Va. 645, S.E.2d 81 (1947). The Court of Claims has, however, recommended payment of a claim in which it is demonstrated that the Department of Highways was negligent. To prove negligence, because of the Department's duty to maintain a highway in a reasonably safe condition, no liability for damages caused by a defect in a road can arise unless it be shown that the Department of Highways had notice of the defect, *49 actual or constructive, and a reasonable time within which to cure the defect. See Lohan v. Dept. of Highways, 11 Ct.Cl. 39 (1975).
In the absence of a showing that the Department of Highways knew or should have known of the defective condition of the pavement near Exit 96, Interstates 64 and 77, on August 25, 1989, there can be no finding of negligence on the part of the respondent and no finding of a moral obligation of the State to make an award to the claimants.
Claim is disallowed.